**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **MICHELE M.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FRANK BISIGNANO,**<br>**Commissioner of Social Security,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:25-cv-00375-JCB**<br><br>**Magistrate Judge Jared C. Bennett** |

## PROCEDURAL BACKGROUND[1]

Plaintiff Michele M. ("Plaintiff") alleges disability due to various physical and mental impairments. Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act[2] and Supplemental Security Income under Title XVI of the Social Security Act[3] in July 2022.[4] Plaintiff's claims were denied initially[5] and upon reconsideration.[6] On January 18, 2024, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge

[1] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment. ECF No. 10.

[2] 42 U.S.C. §§ 401-434.

[3] 42 U.S.C. §§ 1381-1383f.

[4] ECF No. 11, Administrative Record ("AR ___") 253-67.

[5] AR 96-115.

[6] AR 116-37.

("ALJ").[7] The ALJ issued a written decision on March 5, 2024, denying Plaintiff's claims.[8] Plaintiff appealed the adverse ruling, and, on March 27, 2025, the Appeals Council denied her appeal,[9] making the ALJ's decision final for purposes of judicial review.[10] Plaintiff then filed suit in this court seeking review of Commissioner of Social Security Frank Bisignano's ("Commissioner") final decision.[11]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[14] "In reviewing the ALJ's decision, [the court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The failure to apply the correct

[7] AR 44-74.

[8] AR 19-43.

[9] AR 6-13.

[10] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[11] ECF No. 1.

[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation modified).

[13] 42 U.S.C. § 405(g).

[14] *Lax*, 489 F.3d at 1084 (citation modified).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (citation modified).

legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [the claimant's] impairments would have more than a minimal effect on [the claimant's] ability to do basic work activities, [the claimant] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21] Before considering step four,

---

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation modified).

[17] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

[19] *Williams*, 844 F.2d at 750-51 (citation modified); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

[20] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[21] *Williams*, 844 F.2d at 751.

however, the ALJ must determine the claimant's residual functional capacity ("RFC").[22] An individual's RFC is his or her greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from his or her impairments.[23] In making this determination, the ALJ must consider all the claimant's impairments, including impairments that are not severe.[24]

For the fourth step, the claimant must show, given his or her RFC, that his or her impairments prevent performance of his or her "past relevant work."[25] "If the claimant is able to perform his [or her] previous work, he [or she] is not disabled."[26] If, however, the claimant is not able to perform his or her previous work, the claimant "has met his [or her] burden of proof, establishing a prima facie case of disability."[27]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[28] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his [or her] age, education, and work experience."[29] If it is determined that the claimant "can make an adjustment to other work," then he or she is not disabled.[30] If, on the other hand, it is determined

---

[22] 20 C.F.R. §§ 404.1520(a)(4), (e), 416.920(a)(4), (e).

[23] *Id*. §§ 404.1545(a)(1), (b)-(c), 416.945(a)(1), (b)-(c).

[24] *Id*. §§ 404.1545(a)(2), (e), 416.945(a)(2), (e).

[25] *Id*. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[26] *Williams*, 844 F.2d at 751.

[27] *Id*.

[28] *Id*.

[29] *Id*. (citation modified); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[30] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

that the claimant "cannot make an adjustment to other work," he or she is disabled and entitled to benefits.[31]

## ANALYSIS

Plaintiff presents two arguments on appeal. First, Plaintiff challenges the ALJ's finding that Plaintiff has no limitations in using her left arm despite medical evidence to the contrary. Second, Plaintiff argues that the ALJ's rejection of Plaintiff's testimony about her need to elevate her legs was not supported by substantial evidence because the ALJ failed to articulate why he disregarded the testimony. As shown below, both arguments fail, and the court affirms the Commissioner's decision.

### I. Plaintiff Fails to Show That the ALJ Erred by Declining to Include a Limitation in Plaintiff's RFC Regarding Plaintiff's Ability to Use Her Left Arm.

Plaintiff fails to demonstrate that the ALJ erred by declining to include a limitation on Plaintiff's use of her left arm in Plaintiff's RFC. Plaintiff states that State medical consultants found that Plaintiff's left shoulder impairment would cause Plaintiff to have limited ability to reach with her left arm.[32] Plaintiff claims that the ALJ rejected those opinions, and that this rejection is not supported by substantial evidence because the ALJ offered as the reason for his rejection that the consultants "did not review the complete medical record nor did they have the opportunity to personally question and observe the claimant during a disability hearing."[33]

[31] *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[32] ECF No. 12 at 12.

[33] *Id.*

Plaintiff is correct that the State medical examiners established a reaching limitation for Plaintiff.[34] Specifically, the examiners identified a "frequent" limitation for Plaintiff's ability to reach to the front, laterally, and overhead, meaning Plaintiff could only perform these movements one- to two-thirds of a work day.[35] Crucially, however, each of the occupations the ALJ identified as available for a person with Plaintiff's RFC demand no more than "frequent" reaching.[36] Thus, all the jobs Plaintiff can perform in the national economy are limited to "frequent" reaching, which is consistent with the State medical examiners' opinions. Although there may be evidence in the record suggesting further reach limitations for Plaintiff's RFC, that evidence is not from the State medical examiners and is not subject to reweighing on appeal to this court.[37] Therefore, substantial evidence supports the ALJ's decision regarding Plaintiff's reaching abilities in the RFC.

---

[34] AR at 102, 112, 123, 134.

[35] *Id.*; SSR 83-10.

[36] AR at 36 (providing that Plaintiff would be able to perform the requirements of representative occupations such as routing clerk (DOT #222.687-022), mail clerk (DOT #209.687-026), and officer helper (DOT #239.567-010).)

[37] *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) ("In reviewing the record to make the substantial evidence determination, [the court] may [neither] reweigh the evidence nor substitute [its] judgment for the Commissioner's." (citation modified)); *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (citation modified)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (citation modified)).

**II. The ALJ Did Not Err by Giving Limited Weight to Plaintiff's Testimony About Her Need to Elevate Her Legs Because Her Testimony is Not Medical Opinion.**

Plaintiff argues that the ALJ's rejection of Plaintiff's testimony regarding her daily practice of elevating her legs is not supported by substantial evidence because the ALJ failed to articulate his reasons for rejecting her testimony.[38] Plaintiff states that the ALJ essentially gave no consideration to Plaintiff's venous insufficiency and failed to create a logical bridge between the evidence and his finding that Plaintiff does not need to elevate her legs.[39]

The transcript of the hearing held before the ALJ shows that Plaintiff answered affirmatively when asked whether she needs to elevate her legs, and that she usually elevates her legs for 45 minutes each day in 15-minute increments.[40] Plaintiff also appears to testify that a doctor advised her to elevate her legs, though that portion of the transcript is broken by comments from the questioner.[41] The ALJ acknowledges this testimony, stating that Plaintiff elevates her legs "due to swelling in her legs from her thrombosis."[42] Other than this recounting, the ALJ does not further discuss Plaintiff's leg elevation. Elsewhere in the record, notes from an October 2022 emergency room visit reveal that Plaintiff was discharged after complaining of tingling and swelling of the foot and ankle with a plan to "elevate[,] use ibuprofen as able[,] and

---

[38] ECF No. 12 at 17-18.

[39] *Id*. at 18.

[40] AR at 86-87.

[41] AR at 87 ("Q: How much time do you elevate your legs in a day? A: Like 45 minutes, like 15-minute increments usually. Like they said, it's supposed to easily be like 20 minutes up and then walk around for – Q: Okay. A: So I've been trying really hard to take the doctor's – Q: Okay. A: advice of doing that.")

[42] AR at 29.

wear support stockings[,] and follow up with her [primary care physician]."[43] There is no evidence in the record other than this reference to elevation and Plaintiff's own testimony that suggests it is medically necessary for Plaintiff to elevate her legs. Additionally, there is no medical evidence in the record suggesting either the total amount of time or the number and duration of intervals Plaintiff must elevate her legs.

Plaintiff's argument seeks to shift the burden onto the ALJ to explain why he disregarded Plaintiff's testimony, but it is Plaintiff's burden to prove disability.[44] The ALJ is not required to rely on Plaintiff's testimony where there is no other medical evidence in the record—and Plaintiff cites no such evidence—that supports the medical necessity of Plaintiff elevating her legs for the duration or intervals that she suggests. Plaintiff is essentially becoming her own doctor by opining that she needs to elevate her legs for the times and intervals she feels best. The ALJ need not credit Plaintiff's medical opinions at all because she is not a "medical source" under the Commissioner's regulations.[45] Instead, Plaintiff invites the court to reweigh the evidence presented to the ALJ, juxtaposing Plaintiff's testimony that she needs to elevate her legs against the medical evidence from the record the ALJ cites to account for Plaintiff's venous issues.[46] This is an invitation the court cannot accept.[47] As Plaintiff cites no evidence that it is

---

[43] AR at 775.

[44] 20 C.F.R. §§ 404.1512(a)(1), 416.912(a)(1) ("In general, you have to prove to us that you are blind or disabled.").

[45] *Id*. §§ 404.1502(a), 416.902(a).

[46] AR at 31.

[47] *Rudde v. Astrue*, 253 F. App'x 770, 772 (10th Cir. 2007) ("[The court] meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met, but we do not reweigh the evidence or try the issues de novo." (citation modified)). *See also supra* n.37.

medically necessary for Plaintiff to elevate her legs for 45 minutes per day at 15-minute intervals, the ALJ's weighing of the evidence was appropriate.

## ORDER

For the reasons stated above, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 18th day of September 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge